IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGENIAL LLLATWION SKINNER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-2246-L |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Regenial Lllatwion Skinner, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled nolo contendere to aggravated robbery and was sentenced to 20 years confinement. No appeal was taken. Instead, petitioner filed two applications for state post-conviction relief. The first application was denied without written order. *Ex parte Skinner*, No. 33,514-01 (Tex. Crim. App. Apr. 2, 1997). The second application was dismissed for abuse of the writ. *Ex parte Skinner*, No. 33,514-02 (Tex. Crim. App. Apr. 27, 2005). Petitioner then filed this action in federal court.

II.

In three grounds for relief, petitioner contends that: (1) the evidence was insufficient to support his nolo contendere plea; (2) his plea was involuntary; and (3) he received ineffective

assistance of counsel.

By order dated December 1, 2005, the court *sua sponte* questioned whether this case was time-barred. Petitioner addressed the limitations issue in a written reply filed on January 6, 2006. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996. *See Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas

relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 20 years in prison for aggravated robbery. Judgment was entered on December 20, 1994 and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on January 19, 1995. *See* TEX. R. APP. 26.2, *formerly* TEX. R. APP. 202. Petitioner filed two applications for state post-conviction relief. The first application was filed on January 9, 1997 and denied on April 2, 1997. The second application was filed on October 13, 2003 and dismissed on April 27, 2005. Petitioner filed this action in federal court on November 15, 2005.[1]

The statute of limitations started to run on April 24, 1996, the date the AEDPA became effective. *See Flores*, 135 F.3d at 1005. Although petitioner filed a state writ prior to the expiration of the one-year limitations period, he waited more than *eight years* after that writ was denied before seeking post-conviction relief in federal court. In his reply, petitioner merely reasserts his entitlement to relief and complains that the state habeas court dismissed his writ without conducting an evidentiary hearing. (*See* Pet. Reply at 2-3). This ignores the threshold issue of limitations. Petitioner makes no attempt to explain why he waited more than eight years after his first state writ was denied to file a federal writ of habeas corpus. Nor is equitable tolling permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001)

---

[1] Ordinarily, a federal habeas petition is considered filed on the date it was delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). However, petitioner did not sign or date his habeas petition. Under these circumstances, the operative filing date for limitations purposes is the date the petition was received by the district clerk. *See Turner v. Johnson*, No. 3-01-CV-0067-X, 2001 WL 391564 at *2 n.3 (N.D. Tex. Apr. 13, 2001), *rec. adopted*, 2001 WL 513420 (N.D. Tex. May 9, 2001).

("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Mason v. Cockrell*, No. 3-03-CV-0483-H, 2003 WL 21488226 at *2 (N.D. Tex. Apr. 23, 2003); *Rhinehart v. Cockrell*, No. 3-01-CV-1177-P, 2001 WL 1512029 at *2 (N.D. Tex. Nov. 21, 2001). The court therefore concludes that this case is time-barred and should be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 9, 2006.



JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE